VALENTIN VEGA, as Administrator of the Estate of ANTONIO VEGA, Deceased, Respondent, v. CITY OF NEW YORK et al., Defendants, and WYCKOFF HEIGHTS HOSPITAL OF BROOKLYN, Appellant. — In a medical malpractice action to recover damages for wrongful death and consious pain and suffering, defendant Wyckoff Heights Hospital of Brooklyn appeals from an order of the Supreme Court, Kings County, dated Feburary 18, 1972, which granted plaintiff's motion to set aside a jury verdict in favor of said defendant and granted a new trial. Order reversed, without costs, and jury verdict for appellant reinstated. The trial court initially charged the jury that the burden of proving contributory negligence of plaintiff's intestate was on defendants on both the wrongful death cause and the pain and suffering cause. The attorney for appellant excepted to the charge and requested the court to instruct the jury that in the cause of action based on pain and suffering the burden was on plaintiff to prove freedom from contributory negligence. The court erronebusly granted this request and so instructed the jury. No immediate exception was taken to this instruction, but after the jury had been deliberating for a short time the attorney for plaintiff took exception to it. The jury returned a verdict for appellant on both causes of action. In our opinion, the erroneous instruction as to the burden of proof on contributory negligence in the action for pain and suffering was harmless error. The factual issues determinative of both causes of action were the same. The jury, correctly instructed as to the wrongful death action, concluded one of two things: appellant was not negligent or had proved that the decedent was contributorially negligent. Either of these conclusions is fatal to plaintiff's cause of action for pain and suffering. An error in the charge is not a basis for reversal where the party asserting it is not entitled to prevail in any event (*Leone* v. *Rybar Realty Corp.*, 5 A D 2d 871; *Jacobs* v. *Jacobs*, 252 App. Div. 794). Rabin, P. J., Latham, and Christ, JJ., concur; Hopkins and Martuscello, JJ., dissent and vote to affirm.